**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Hopkins Law Firm, LLC, | ) | Case No. 2:26-cv-1188-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Cornelia Moses Cain Williams, individually | ) | |
| As Personal Representative of the Estate of | ) | |
| Andre D. Madison, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's motion to dismiss this action for failing to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 18). Plaintiff has filed a memorandum in opposition. (Dkt. No. 21). The matter is fully briefed and ripe for disposition.

## I.   Factual Background

Plaintiff alleges in its Amended Complaint that it was retained by Defendant to handle the probating of her late brother's, Andre D. Madison, estate ("Estate"). (Dkt. Nos. 15 at ¶ 6; 15–6). Plaintiff was also retained to handle selling the Estate's only significant asset, a residence at 119 East Wingate Avenue in Florence, South Carolina ("Property"). (*Id.*) Plaintiff conducted a title search on the Property, which revealed an outstanding mortgage held by CitiMortgage in the name of Flora Moses and Nelson Moses. (*Id.* at ¶ 8).  Plaintiff also searched the Florence County Public Index but could not find any record of a mortgage in the names of Flora Moses, Nelson Moses, or Andre D. Madison. (*Id.* at ¶ 12).  When Plaintiff searched the MERS database, a national electronic database tracking mortgages, it found the alleged mortgage listed as "inactive." (*Id.* at ¶ 9).

-1-

Plaintiff asked Defendant if she knew of any outstanding mortgage on the Property, and she stated that she believed the Property had been "paid off." (*Id.* at ¶ 15). Plaintiff alleges, however, that Defendant did not disclose that she knew Nelson Moses and failed to provide his contact information to Plaintiff. (*Id.* at ¶ 16).

Plaintiff wrote CitiMortgage, advising it of the MERS search results, and requested that CitiMortgage file a satisfaction of mortgage. CitiMortgage referred Plaintiff to Fay Servicing. Plaintiff then wrote Fay Servicing about the mortgage but received no reply. (*Id*. at ¶¶ 10–11). Plaintiff ultimately elected to close the estate and to provide Defendant with a deed of distribution for the Property without receiving any response from Fay Servicing.

Defendant, as a personal representative of the Estate, signed two documents related to the processing and closing of the estate: (1) the Inventory and Appraisement ("IA"), and (2) Application for Settlement ("AS"). (*Id.* at ¶¶ 21–23). She signed these documents without revealing the presence of the CitiMortgage mortgage, and in these documents she represented that the Estate had paid all lawful claims. (*Id.*).

On June 6, 2023, Defendant, after obtaining the deed of distribution for the Property and still represented by Plaintiff, participated in the sale of the Property. Defendant represented in closing documents that there was no mortgage indebtedness on the Property. (*Id*. at ¶ 26). Defendant, now acting individually, executed a Purchaser(s) and Seller(s) Acknowledgement and Agreement ("PSAA"), in which she agreed to pay "any closing or other costs erroneously not collected at the time of closing and to refund any excess funds erroneously paid at the time of closing . . . within two (2) calendar days of notification from the law firm/settlement agency." (Dkt. No. 15-6 at ¶ 3).

After the sale of the Property closed, Plaintiff learned that shortly before the probate documents were executed that the CitiMortgage mortgage had been assigned and was still unsatisfied. (Dkt. No. 15 at ¶ 30). Thereafter, Plaintiff made repeated demands on Defendant to return the funds subject to the unsatisfied mortgage, but she did not respond. (*Id*. at ¶¶ 31–34). Instead, Plaintiff alleges, Defendant hired an attorney and contested the repayment of the funds. (*Id*. at ¶ 36). As a result, Plaintiff paid the title insurance company, which provided title insurance for the Property's sale, the amount of the unsatisfied mortgage on the Property. (*Id.* at ¶ 39).

Plaintiff subsequently brought this lawsuit in state court. Defendant removed the action to federal court based of diversity of citizenship, alleging the amount in controversy exceeds $75,000. (Dkt. No. 1). Plaintiff's Amended Complaint asserts claims for breach of fiduciary duty, fraud, indemnity, breach of contract, negligent misrepresentation, quantum merit, accounting, and constructive fraud. (Dkt. No. 15).

Defendant filed a motion to dismiss, contending she never made a false representation and that Plaintiff was aware of the mortgage. (Dkt. No. 18 at 9–11). Defendant further argues that Plaintiff had no right to rely on Defendant's representations and raised various technical arguments concerning whether Plaintiff is entitled to recover the funds received by Defendant that should have been used to satisfy the outstanding mortgage that was on the Property. (*Id*. at 12–26).

## II.    Legal Standards: Federal Rules of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court

to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a

motion to dismiss, the court must accept as true all the factual allegations contained in the

complaint and must view all allegations in the complaint in a light most favorable to the plaintiff

as the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ostzenski v. Seigel*, 177 "F.3d

245, 251 (4th Cir. 1999). It is well established that a court may "consider documents . . . attached

to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State*

*for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

## III.    Discussion

In the Amended Complaint, Plaintiff asserts claims of fraud, constructive fraud, breach of

fiduciary duty, negligent misrepresentation, and indemnity.    These claims are based on

Defendant's statement that all the mortgages on the Property were "paid off," and she did not

disclose that she knew Nelson Moses and failed to provide his contact information to Plaintiff.

(Dkt. No. 15 at ¶ 16).   Plaintiff further alleges that Defendant signed the Estate's IA stating the

Property had only a single civil judgment encumbering it. (*Id.* at ¶¶ 21–22).   The Amended

Complaint further alleges that after receiving a deed of distribution for the Property, Defendant

attested in the sale's closing documents that there was no mortgage indebtedness or other lien on

the Property. (*Id.* at ¶ 26). Plaintiff claims that in light of the unsatisfied CitiMortgage mortgage,

Defendant's attestation in those documents misrepresented the true status of the Property.

Viewing the alleged facts as true and in a light most favorable to the nonmoving party,

Plaintiff alleges sufficient facts at this very early stage of the litigation to assert plausible claims

against Defendant.   At this point in the litigation, the Court finds that alleged facts are sufficient

to deny the motion to dismiss on these claims.  While the discovery may demonstrate the merit or lack of merit of these claims, at this point the Court finds the allegations are sufficient to deny the motion to dismiss.

Plaintiff also asserts claims of breach of fiduciary duty, indemnity, breach of contract, quantum meruit, and accounting.  These claims are based on the allegation that once the outstanding active mortgage was discovered, it repeatedly demanded that Defendant return the funds she erroneously received.  The Amended Complaint alleges that "Defendant did not respond nor did she return any portion of the proceeds."  (*Id.* at ¶¶ 30–35).  Plaintiff points to the PSAA executed by Defendant at the closing of the sale, which provides that any "excess amounts erroneously paid at the time of closing" would be refunded within two days of notice. (Dkt. No. 15-6 at ¶ 2).

Again, viewing the asserted facts as true and in a light most favorable to Plaintiff as the nonmoving party, the Court finds that Plaintiff alleges sufficient facts to support plausible claims against Defendant.  While discovery may demonstrate the merit or lack of merit of these claims, at this point the Court finds that the allegations are sufficient to deny the motion to dismiss on these claims.

The Court is aware from Defendant's earlier filings, subsequently superseded by the filing of the Amended Complaint, that she intends to assert defenses and counterclaims.  Nothing in this order should be construed as offering any ruling or opinion regarding the merit or lack of merit of any subsequently filed pleadings by Defendant.

## IV.  Conclusion

Based on the foregoing, Defendant's motion to dismiss (Dkt. No. 18) is **DENIED**.

**AND IT IS SO ORDERED.**

-6-

s/ Richard Mark Gergel
United States District Judge

July 2, 2026
Charleston, South Carolina